# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NILSA VAZQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY JAIL,<br><br>    Defendant. | Civil Action<br>No. 19-12060 (RBK) (JS)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, Nilsa Vazquez, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss with prejudice Plaintiff's claims against the Camden County Jail but provide Plaintiff with an opportunity to file an amended complaint.

## I.    BACKGROUND

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names only the Camden County Jail as a Defendant in this matter.

With great liberality, the Court gleans from Complaint that Plaintiff takes issue with the strip searches and living conditions at the jail. In particular, she alleges that the jail housed four to five women in a cell with only two bunkbeds, forced her to sleep on the floor, and that the cells were unsanitary. Plaintiff encountered these conditions on seven different dates of incarceration from 1996 to 2008.

Over a decade later, Plaintiff filed the instant Complaint, which briefly lists her grievances, but does not explicitly seek any relief.

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her civil rights guaranteed under the United States Constitution, and related claims. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

Although it is unclear whether Plaintiff was a pretrial detainee or a prisoner during the events of the Complaint, the Court will broadly construe the Complaint to allege conditions of confinement claims under either the Eighth or Fourteenth Amendment, as well as an unreasonable search claim under the Fourth Amendment.

The Court, however, need not address the merits of Plaintiff's claims because she only sues the Camden County Jail, which is not a "person" amendable to suit under § 1983. *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases);

*see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013). Accordingly, the Court will dismiss with prejudice all claims against the Camden County Jail for failure to state a claim.

If Plaintiff believes she can allege facts entitling her to relief against a proper "person" under § 1983, she may file a motion to amend, along with a proposed amended complaint and a brief in support of her motion. The Court cautions Plaintiff, however, that her amended complaint must comply with Federal Rule of Civil Procedure 8. As discussed above, Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Stated differently, Plaintiff must simply and directly allege what her claims are against each proposed defendant such that she provides each defendant with fair notice of the grounds on which she intends to rest her claims, as well as a demand for relief. *Id*.

Additionally, although not necessary to the Court's disposition, the Court observes that all of Plaintiff's allegations appear to have occurred over a decade ago. The statute of limitations on a § 1983 claim in New Jersey is two years. *Briggs v. Becker*, No. 18-16773, 2019 WL 2022372, at *2 (D.N.J. May 8, 2019). Consequently, assuming Plaintiff had otherwise properly pleaded her claims, the statute of limitations would bar all claims that began to accrue before May of 2017, absent other considerations such as equitable or statutory tolling. *See id.* (detailing examples of statutory and equitable tolling). As a result, if Plaintiff believes she can assert facts that warrant tolling, she must include the basis for such tolling in her motion to reopen.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims against the Camden County Jail. Plaintiff shall have thirty days to file a motion to reopen, along with a proposed amended complaint and brief in support thereof, to cure the deficiencies discussed above. An appropriate Order follows.

Dated: July 29, 2019

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge